UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JEREMY S. COPPLE,<br><br>　　　　Defendant. | Case No. 17-cr-40011-JPG-009 |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the defendant's motion for a reduction of his criminal sentence following the retroactive application of the Fair Sentencing Act of 2010, Pub. L. 111-220; §§ 2-3, 124 Stat. 2372, 2372 (2010), as set forth in the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018) (Doc. 533). The Court construes this as a motion pursuant to 18 U.S.C. § 3582(c)(1)(B).

The defendant pled guilty to one offense committed from 2015 to 2017: conspiracy to distribute more than 50 grams of a mixture and substance containing methamphetamine. The statutory sentencing range for this offense was 5 to 40 years in prison, 21 U.S.C. § 841(b)(1)(B)(viii). The Court imposed a sentence of 168 months.

The defendant now asks the Court to reduce his sentence in light of § 404 of the First Step Act.[1] Section 404 allows the Court to reduce a defendant's sentence for a crack cocaine

---

[1] Section 404 of the First Step Act provides in full:

> (a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.
>
> (b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a

offense, but only if the Court had imposed that sentence before another statute—the Fair Sentencing Act—modified the statutory sentencing range for that crack cocaine offense. First Step Act, § 404(b). In essence, the First Step Act retroactively applies the Fair Sentencing Act's lower statutory sentencing ranges and allows the Court to bring past sentences into line with the lower ranges. The authority to reduce a sentence applies only to (1) federal offenses (2) committed before August 3, 2010, the effective date of the Fair Sentencing Act, (3) for which the Fair Sentencing Act changed the statutory penalty range, *i.e.*, certain crack cocaine offenses. *See* First Step Act, § 404(a). Whether to reduce a sentence is at the discretion of the Court and is not required by the First Step Act. First Step Act, § 404(c). In sum, the Court now may, but is not required to, reduce a defendant's sentence if application of a statutory range changed by the Fair Sentencing Act would have resulted in a sentence lower than the defendant's original sentence.

As a preliminary matter, there is some dispute over the proper vehicle to implement § 404 of the First Step Act. Some suggest the proper vehicle is a motion for a sentence reduction

---

sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

(c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

under 18 U.S.C. § 3582(c)(2). That provision allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ." Section 994(o), in turn, gives the Sentencing Commission direction to periodically review and revise the Sentencing Guidelines. However, the sentencing changes wrought by the retroactive application of the Fair Sentencing Act are not the result of the Sentencing Commission's revision to the Sentencing Guidelines but Congress's enactment of a new statute. Therefore, by its plain terms, § 3582(c)(2) cannot apply.

The Court believes the better vehicle to impose a reduced term of imprisonment is § 3582(c)(1)(B). That provision allows the Court to modify a term of imprisonment "to the extent . . . expressly permitted by statute." The Court is aware that the Court of Appeals for the Seventh Circuit has indicated this provision allows for a sentence modification only if resentencing has been ordered after a successful direct appeal or a successful collateral attack. *United States v. Bailey*, 777 F.3d 904, 906 (7th Cir. 2015). However, the Court believes the Court of Appeals limited relief to these two situations because, at the time of its statement, no statute expressly gave the Court the authority to modify a term of imprisonment in any other circumstance. Now that the First Step Act has expressly provided additional authority to modify a term of imprisonment, it can serve as a basis for relief under § 3582(c)(1)(B).

The Court turns to the specifics of the defendant's case. The defendant's conviction is not the type of conviction covered by § 404 of the First Step Act. While he committed a federal offense, he did not commit that offense before August 3, 2010, and the Fair Sentencing Act did not modify the applicable statutory sentencing range for that offense. On the contrary, it only

3

changed the statutory penalty range for certain crack cocaine offenses, Fair Sentencing Act, § 2(a) (codified at 21 U.S.C. § 841(b)(1)(A)(iii) & (b)(1)(B)(iii)), and the defendant was not convicted of any crack cocaine offense. For this reason, the First Step Act does not authorize a reduction in the defendant's sentence.[2]

Accordingly, the Court **DENIES** the defendant's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(B) based on the First Step Act's retroactive application of the Fair Sentencing Act (Doc. 533).

**IT IS SO ORDERED.**
**DATED: February 7, 2019**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**

---

[2] To the extent the defendant's motion may be construed as seeking a sentence reduction under 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the Sentencing Guidelines, he was sentenced using the 2016 version of the Sentencing Guidelines, which already incorporated that amendment.